IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SANDRA L. EDDY, | ) | CASE NUMBER: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| BELLEVUE BERRY FARMS, INC; | ) | |
| EDWARD A. SCHAEFER | ) | |
| A TRUSTEE LIVING TRUST | ) | |
| | ) | |
| & | ) | |
| | ) | |
| DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Sandra L. Eddy, through her undersigned counsel, hereby files this Complaint and sues Bellevue Berry Farms, Inc., Edward A. Schaefer a Trustee Living Trust and Does 1-5, for injunctive relief, attorney fees and costs pursuant to 42 U.S.C. §12181 *et seq.,* ("AMERICANS WITH DISABILITIES ACT" or "ADA") and for special damages, general damages, plus interest and costs associated with this action. Plaintiff alleges:

## JURISDICTION AND PARTIES

1. Count I is an action for injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Count II is an action for damages arising from Negligence under Nebraska Law.

3. Count II is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

5. Plaintiff, Sandra L. Eddy, (hereinafter referred to as "Ms. Eddy" or "Plaintiff") is a resident of Douglas County, Nebraska.

6. Ms. Eddy is a qualified individual with a disability under the ADA.

7. Ms. Eddy has been approved for a handicap parking permit by all relevant authorities.

8. Ms. Eddy's disability, at all time's material hereto, impaired his ability to walk long distances, steep inclines and large flights of stairs - major life activities.

9. Defendants, Bellevue Berry Farms, Inc., and Edward Schaefer a Trustee Living Trust at all times herein mentioned were, a duly organized business, association, or corporation duly authorized to exist and operate within the State of Nebraska and the owner, lessee, or tenant of the premises located at 11001 S. 48th Street, Papillion, NE  68133, and doing business as Bellevue Berry & Pumpkin Ranch (hereinafter the "Property").

10. Plaintiff is ignorant of the defendants sued as Does 1-5.  Plaintiff sues them in their fictitious names as Doe defendants.  Upon information and belief, Plaintiff alleges that Does 1-5 are the owners, operators, lessees or tenants of the subject property and each of the Doe defendants at all times herein was acting as the agent and or representative of each other and thereby are responsible in some manner for the injuries and damages complained of herein.  Plaintiff will seek leave of court to amend this complaint to name Doe defendants when the same is ascertained.

11. All events giving rise to this lawsuit occurred in the District of Nebraska.

## COUNT I

### (VIOLATION OF TITLE III OF THE ADA)

12. Plaintiff realleges and incorporates in this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

13. The Property, a ranch, is open to the public and provides goods and services to the public.

14. On or about September 27, 2017 Plaintiff visited the Property and attempted to utilize the facilities offered at the Property.

15. While at the property, Ms. Eddy experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

16. Ms. Eddy continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

17. Ms. Eddy has concrete plans to visit and will visit the Property in the near future to utilize the goods and services offered thereon.

18. Defendants are in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR §36.302 *et seq*. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct barriers to access which were personally observed, encountered and which hindered Plaintiff's access.

19. Installing an entrance ramp, widening entrances, and providing accessible parking spaces are the Department of Justice's number one enforcement priority for ADA claims. *See*, 28 CFR 36.304(c).

20. Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

21. Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether barriers to access stated herein have been remedied.

22. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

23. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

24. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs, and expenses paid by Defendants.

## COUNT II

## (NEGLIGENCE OF THE DEFENDANT)

25. Plaintiff realleges and incorporates in this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

26. On or about September 27, 2017 Ms. Eddy had visited Bellevue Berry Farms, Inc. located at 11001 S. 48th Street, Papillion, NE 68133.

27. Ms. Eddy attempted to enter the property but she encountered difficulty when the entryway was not completely paved and contained a steep and unevenly paved entry.

28. Ms. Eddy slipped and fell while attempting to enter the Property.

29. As a result of the fall, Ms. Eddy crushed her wrist and underwent surgery.

30. As a result of the fall, Ms. Eddy injured her shoulder and has been recommended to have surgery to repair a torn rotator cuff and ligaments.

31. As a result of the fall, Ms. Eddy has suffered permanent injuries to her wrist and shoulder.

32. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, Bellevue Berry Farm Inc., which consisted inter alia of the following particulars:

a.  Defendant failed to maintain the premises owned by the Defendant in a good and safe condition for Plaintiff and others;

b.  Defendant, by the exercise of reasonable care, would have discovered the condition which caused Plaintiff's injury.

c.  Defendant should have realized that the condition involved created an unreasonable risk of harm to Plaintiff or other entrants.

d.  Defendant should have expected that lawful entrants such as Plaintiff would fail to discover or realize the danger.

e.  Defendant failed to exercise reasonable care in remedy the condition, as the remedy for such condition is not burdensome.

f.  Defendant failed to exercise the degree of care required under the circumstances; and otherwise being negligent.

g.  Failing to otherwise comply with the applicable laws and regulations of the State of Nebraska and the applicable federal laws and regulations;

33. Defendant breached its duty to Plaintiff.

34. One or more of these acts of negligence, as set forth in above, caused this accident, injuries, and damages to Plaintiff.  That any and all allegations of negligence asserted against the agents, representatives and employees of Bellevue Berry Farms Inc. are imputed to Defendant under the Doctrine of Respondent Superior.

35. As a direct and proximate result of the negligence and breach of care of the Defendant, as heretofore set forth in, the Plaintiff was seriously and permanently injured in the fact that he suffered physical injury to her wrist and shoulder, mental suffering, inconvenience and humiliation.  The Plaintiff has incurred fair and reasonable medical expenses because of these injuries.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following relief:

A.  That the Court declare the Property owned, leased, leased to and/or operated by Defendants is in violation of the ADA;

B.  That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D.  That the Court award reasonable attorney fees, costs (including expert fees) and other expenses of suit to the Plaintiff;

E.  That the Court award Plaintiff an amount deemed just and fair by this Court for special damages and general damages; and

F.  A trial by Jury.

G.  That the Court awards such other and further relief as it deems necessary, just and proper.


RESPECTFULLY SUBMITTED,


BY:   _s/Ross Pesek_____
ROSS R. PESEK # 24636
PESEK LAW, LLC
1904 Farnam Street, Ste. 410
Omaha, Nebraska 68102
(402) 342-9684
(402) 342-9683 (fax)
ross@peseklaw.com
*Attorney for Plaintiff*