# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA L. EDDY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BELLEVUE BERRY FARMS, INC.,<br>EDWARD A. SCHAEFER A TRUSTEE<br>LIVING TRUST, and DOES 1-5,<br><br>　　　　　　Defendants. | 8:18CV221<br><br>ORDER |

This matter is before the Court on several pending motions: Defendants' Motion to Withdraw and Amend Deemed Admissions, or in the Alternative, for an Extension of Time to Respond to Plaintiff's Requests for Admissions (Filing No. 17); Plaintiff's Motion for Partial Summary Judgment (Filing No. 14); Defendants' Motion in Limine (Filing No. 21); and Plaintiff's Motion to Compel and for Sanctions (Filing No. 28).

### I.　　Motion to Withdraw Admissions

Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Manatt v. Union Pac. R. Co.*, 122 F.3d 514, 517 (8th Cir. 1997)(quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983)). "Because the district court has the power to allow a longer time, . . . the court, in its discretion, may permit the filing of an answer that would be otherwise untimely." *Id.*

Under Rule 36(b), "the court may permit withdrawal or amendment [of admissions] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "The two-prong test of Rule 36(b) directs the court to consider the effect upon the litigation and prejudice to the resisting party, rather than focusing on the moving party's

excuses for an erroneous admission." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)(internal quotation and citation omitted). The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting*, 710 F.2d at 1312 (citing *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)).

In consideration of the factors in Rule 36(b), the Court finds Defendants should be permitted to withdraw admissions to let the untimely responses stand. Permitting withdrawal of the admissions would promote Defendants' ability to have the case heard and decided on its merits. If the admissions were permitted to stand, Defendants are effectively prohibited from putting on any kind of defense. "When a matter is admitted, it is 'conclusively established' for purposes of the action," and if the admitted facts are "dispositive" of the case, it is proper for the district court to grant summary judgment. *Quasius*, 596 F.3d at 950-51. Deeming Defendants to have admitted all of Plaintiffs' Requests for Admissions would, essentially, lead to summary judgment being entered in Plaintiff's favor on her claims. Therefore, the first prong under Rule 36(b) weighs in Defendants' favor.

As to the second prong under Rule 36(b), the Court finds that Plaintiff has not established actual prejudice by permitting Defendants to withdraw their admissions. As stated above, the prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting*, 710 F.2d at 1314. The Court cannot see how Plaintiff will be prejudiced in proving her case by the untimely receipt of Defendants' responses. True, Plaintiff would benefit by having the admissions stand, as those admissions would result in summary judgment in Plaintiff's favor; however, "[t]he necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient" to prove prejudice under Rule 36(b). *F.D.I.C.*, 18 F.3d at 640. In consideration of the above, the Court finds that Defendants' admissions are withdrawn, and their responses served in conjunction with their motion to withdraw admissions are permitted to stand.

### II. Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks an order granting partial summary judgment on her negligence claim and her claim under the ADA. Plaintiff's motion for summary judgment is based upon Defendants' admissions. Having found that Defendants' admissions are withdrawn, the Court will deny

Plaintiff's motion for summary judgment, without prejudice to reassertion after the close of discovery.

## III. Defendants' Motion in Limine

Defendants seek a motion in limine preventing Plaintiff from mentioning/referring to/offering evidence of: references to or eliciting testimony or evidence regarding Plaintiff's future medical expenses, disability ratings, emotional distress or mental suffering, because Plaintiff did timely disclose any expert opinions regarding such damages. Plaintiff subsequently disclosed expert opinions on July 8, 2019, (Filing Nos. 29-32), but did not file a brief opposing the motion.

"When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008)(citing *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998))("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a sanction unless the party's failure to comply is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The district court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

The Court will deny Defendants' motion in limine to the extent it is based on Plaintiff's untimely expert disclosures. In light of the Court's denial of Plaintiff's motion for summary judgment (and particularly considering that Defendants themselves also failed to timely disclose discovery and experts), the Court will re-set the case progression deadlines providing both parties with an opportunity to properly prepare their cases.

However, the Court will grant Defendants' motion in limine to the extent it seeks to prohibit Plaintiff from offering evidence of Defendants' insurance policy outside the scope permissible by Rule 411 of the Federal Rules of Evidence, which provides "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

### IV. Plaintiff's Motion to Compel and for Sanctions

Plaintiff served Defendants with Interrogatories, Requests for Production of Documents, and Requests for Admissions on January 28, 2019. As of the date of the motion to compel, Defendants had not served initial disclosures, answers to interrogatories, or responded to requests for production of documents, and has not provided dates for Defendant's deposition. Plaintiff asks for the sanction of prohibiting Defendants from asserting any of the affirmative defenses.

The Court will deny the motion, without prejudice, as this district's Civil Case Management Practices and the Final Progression Order provide, "Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute." ([Filing No. 12](#)). As discussed with counsel during the July 11, 2019, telephone conference, new case progression deadlines will be set in this case and the parties are instructed to strictly and timely comply with their discovery obligations and the new deadlines set by the Court. Upon consideration,

**IT IS ORDERED:**

1. Defendants' Motion to Withdraw and Amend Deemed Admissions, or in the Alternative, for an Extension of Time to Respond to Plaintiff's Requests for Admissions ([Filing No. 17](#)) is granted, Defendants' admissions are withdrawn, and their responses served in conjunction with their motion to withdraw admissions are permitted to stand.
2. Plaintiff's Motion for Partial Summary Judgment ([Filing No. 14](#)) is denied, without prejudice.
3. Defendants' Motion in Limine ([Filing No. 21](#)) is granted only to the extent it seeks to prohibit Plaintiff from offering evidence of Defendants' insurance policy outside the scope permissible by Federal Rule of Evidence 411. The motion in limine is otherwise denied.
4. Plaintiff's Motion to Compel and for Sanctions ([Filing No. 28](#)) is denied, without prejudice.

Dated this 11th day of July, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge